Lawrence R. WEBSTER, KBA No. 75195, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2005–SC–0972–KB.

Supreme Court of Kentucky.

Jan. 19, 2006.

Lawrence R. Webster, Pikeville, for Movant.

Bruce K. Davis, Executive Director, Jay R. Garrett, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, for Respondent.

## OPINION AND ORDER

Lawrence R. Webster, KBA No. 75195, whose bar roster address is P.O. Drawer 712, Pikeville, Kentucky 41502, was admitted to the practice of law on August 1, 1970.

Pursuant to SCR 3.3480(2), Webster moves this Court to publicly reprimand him for violations he admits of SCR 3.130–1.4(b), SCR 3.130–1.5(c), and two distinct violations of SCR 3.130–1.15(a). He also asserts that he will reimburse a client a portion of fees.

The Kentucky Bar Association states that it has no objection to Webster's motion and sets forth that the public reprimand include a condition that Webster reimburse his client $1,258.50, which represents one-half of the contingency fee taken within thirty (30) days of this order. It suggests that the sanction for failure to comply with the condition be a thirty (30) day suspension.

In 2000, a client hired Webster to file a lawsuit, which resulted in a default judgment in the amount of $25,000. On July 12, 2000, Webster sent a letter to the client explaining the judgment and that he would try to attach the judgment to whatever property the defendant owned. This process resulted in a sheriff's sale which yielded $8500. On September 6, 2001, the Pike Circuit Court issued a check to Webster for $7,552.24 representing the proceeds less property taxes. On September 11, Webster deducted one-third as a contingency fee and forwarded that amount to his client.

On September 24, 2001, Webster received a check for $68.33 from the county for overpayment of property taxes on the proceeds of the sheriff's sale. Webster deposited this check to a general fund, and not an escrow account, despite it being client property. On October 3, Webster issued a check to the client for this amount minus one-third.

There was no written client agreement stating that the contingency fee was one-third. However, Webster wrote with the delivery of the October 3 check, "as per our agreement, my fee is one-third of any money collected."

On March 22, 2002, another sheriff's sale yielded two life estates purchased at $500 each. The Pike Circuit Court sent the check directly to the client for $961.

Webster claims to have advised his client of the nature of sheriff's sales such as the rights the client would have to bid, the responsibilities they would have such as the potential for cash bonds, and that they can arrange for representation. However, none of the letters sent to the client contained any information about these matters. Webster further admits that he failed to advise the clients in a manner reasonably sufficient for them to make informed decisions.

In September and October of 2001, Webster maintained a general checking account at a Pikeville Bank. This account was used for paying bills and employee salaries, including his. During this time, he caused client funds to be deposited into this account. At least 14 separate checks, in amounts ranging from $600 to $40,000, on behalf of at least 9 clients were deposited into this account.

Webster admits that he violated SCR 3.150–1.4(b) by failing to explain sufficiently the execution and sale process in the aid of collections nor advising the client concerning appropriate actions the client could take such that the client was unable

to make informed decisions regarding the sheriff's sales.

He admits violating SCR 3.130–1.5(c) by taking a contingent fee from client funds without a proper written client agreement. SCR 3.130–1.5(c) requires that a fee contingent on the outcome of a matter be based on a written client agreement that sets forth, among other things, the percent to be taken and how expenses are to be handled with regard to the calculation of percentages.

He admits violating SCR–3.130–1.15(a) for causing client funds to be deposited into his general office account both with his client for whom he was collecting funds and with other clients.

This Court, upon reviewing this case, finds the sanction to be appropriate in this matter. In 1984, Webster received a private admonition. In 1990, he was privately reprimanded and in 1992, he received a private admonition. Although two of these previous discipline cases were based on violations similar to his violation of SCR 3.130–1.5(c) wherein he took contingency fees without a written client agreement, we expect that with this public reprimand Webster will not take such fees again without a written client agreement as stated in that rule.

Therefore, it is ORDERED that:

1. Lawrence R. Webster is publicly reprimanded for violating SCR 3.130–1.4(b), SCR 3.130–1.5(c), and SCR 3.130–1.15(a);

2. Within thirty (30) days of this order, Webster must reimburse $1258.50 to his former client. Failure to perform this reimbursement shall result in a 30–day suspension.

3. Webster shall not attempt to collect any other fee from his former client for work done in the matter of collecting the $25,000 default judgment for that client.

4. Pursuant to SCR 3.450, Webster is directed to pay all costs associated with these disciplinary proceedings in the amount of $204.80, for which execution may issue from this Court upon finality of this Order.

All concur.

Entered: January 19, 2006.

/s/ Joseph E. Lambert
Chief Justice